# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55346-5-II |
| Respondent, | |
| v. | |
| SARA J. CAMERON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—Sara J. Cameron terminated her employment with Lincare, a medical supply company, after Lincare discovered she had been billing Medicare for equipment for 71 deceased patients. Shortly thereafter, other Lincare employees reported that Cameron had also been stealing continuous positive airway pressure (CPAP) machines and other equipment and shipping them to a person in San Diego, California.

Cameron pleaded guilty to first degree theft and agreed to pay Lincare restitution. At a restitution hearing, Lincare's area manager presented information conservatively estimating the number of machines Cameron stole and their value. The trial court found the manager to be credible and ordered Cameron to pay $40,543.16 in restitution.

Cameron appeals the restitution order and her judgment and sentence. She argues that the restitution amount was not supported by sufficient evidence. She also argues that the trial court erred by ordering interest to accrue on discretionary legal financial obligations. We affirm the trial court's order of restitution but remand to the trial court to correct the interest accrual provision of the judgment and sentence so that it does not apply to nonrestitution legal financial obligations.

FACTS

Cameron worked as a center manager for Lincare, a respiratory medical supply company, for 10 years before resigning amidst an internal investigation. The day after she resigned, other employees came forward with concerns about missing items. Employees reported seeing boxes addressed to Pablo Martinez in San Diego. An employee at a nearby Postal Annex reported that Cameron made 16 shipments of CPAP machines from their office. An internal investigation revealed all of Lincare's inventory of used CPAP machines, numerous new CPAP machines, and several CPAP masks were missing.

When law enforcement questioned her, Cameron admitted that she had stolen CPAP machines from Lincare and sold them to Martinez. She estimated having taken 15-20 machines. The State charged Cameron with first degree theft and first degree trafficking in stolen property. Cameron pleaded guilty to first degree theft, and the State dismissed the first degree trafficking in stolen property charge.

At an evidentiary hearing on restitution, the State called Rhett Roberts, an area manager with Lincare. Roberts testified as to how he estimated the amount of loss Lincare incurred as a result of Cameron's theft. Roberts explained he reviewed United Parcel Service shipments and worked with a health care specialist who managed the equipment to determine what was missing. He also spoke to six employees who had witnessed Cameron with the missing equipment in her possession.

The State offered a report that Roberts compiled showing the findings from his investigation. The report included what employees had reported as taken or missing, the number of machines ordered from April 2018 to September 2018, and a management summary. To

quantify the value of the missing equipment, Roberts used the cash sale price—the price Lincare would charge a patient without insurance—which was significantly lower than the price Lincare would receive from an insurance company.

To determine the number of items missing, Roberts compared the amount of equipment ordered versus what Lincare set up versus what the health care specialist determined was missing. Roberts explained that to quantify the number of used CPAP machines missing, he asked the health care specialist how many used pieces of equipment she thought were missing and reduced that number to be conservative in his report. Although Roberts did not have a precise ledger for the used CPAP machines, he recalled that he and the health care specialist estimated the number after considering roughly how many units Lincare had received in the prior two years and then searching Lincare's equipment rooms where they discovered every unit was gone.

Cameron testified at the restitution hearing and claimed she stole 15 to 20 used machines and no new equipment. She claimed to suffer from memory problems that prevented her from recalling specifics. Cameron testified that she sent six new CPAP machines to another Lincare center.

The trial court sentenced Cameron to an exceptional sentence of 120 days incarceration and ordered her to pay $40,543.16 restitution to Lincare. The trial court found that Cameron's testimony at the restitution hearing lacked credibility and noted that she was responsible in part for the lack of specific records of the missing items. The trial court found that Roberts's testimony and his report proved by a preponderance of the evidence the value of the items Cameron stole. The trial court noted the significant weight of the shipments from Cameron to Martinez and found that Roberts's estimate was likely conservative. The trial court did find Cameron's testimony that

she sent six CPAP machines to another center convincing and reduced Roberts's estimate accordingly.

Cameron appeals the order of restitution, as well as the portions of the judgment and sentence reflecting the restitution amount and imposing interest on legal financial obligations.

ANALYSIS

I. RESTITUTION

Cameron argues that the trial court's order of restitution was not supported by sufficient evidence. We disagree.

We review a trial court's restitution order for abuse of discretion. *State v. Deskins*, 180 Wn.2d 68, 77, 322 P.3d 780 (2014). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Id*.

When the facts supporting a restitution award are disputed, they must be proved by a preponderance of the evidence. *Id*. at 82. The trial court's restitution award must be "based on easily ascertainable damages." RCW 9.94A.753(3). The claimed loss need not be established with specific accuracy so long as it is supported by "'substantial credible evidence.'" *Deskins*, 180 Wn.2d at 82 (internal quotation marks omitted) (quoting *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). "'Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *Id*. at 82-83 (internal quotation marks omitted) (quoting *Griffith*, 164 Wn.2d at 965). The rules of evidence do not apply to sentencing hearings and a trial court may rely on a broad range of evidence in determining a restitution award, including hearsay. *Id.* at 83; ER 1101(c)(3).

Cameron contends that the restitution award was based on Roberts's "guesstimate based upon speculation regarding the loss." Br. of Appellant at 10. Cameron emphasizes that Roberts's report relied on hearsay from other Lincare employees, however, that is immaterial because the rules of evidence do not apply at sentencing. *Deskins*, 180 Wn.2d at 83. Further, although Roberts's testimony and report did involve some estimation of the number of items stolen by Cameron, the law does not require specific accuracy or that the amount of restitution be exactly equivalent to the loss. *State v. Kinneman*, 155 Wn.2d 272, 282, 119 P.3d 350 (2005). Contrary to Cameron's characterization, Roberts's testimony and report produced a detailed estimate of the loss by referencing Lincare's business records, shipping records gathered in the investigation, and a careful review of the equipment inventory at Lincare.

The restitution amount was based upon substantial facts and inferences from the evidence. The trial court did not base its decision on unreasonable or untenable grounds when it imposed $40,543.16 in restitution. We hold that the trial court did not abuse its discretion.

## II. NONRESTITUTION INTEREST ACCRUAL

Cameron also argues, and the State concedes, that the trial court erred by imposing the accrual of interest on nonrestitution legal financial obligations. We accept the State's concession. RCW 10.82.090(1) now prohibits interest from accruing on nonrestitution legal financial obligations.

We affirm the trial court's order of restitution but remand for the trial court to amend Cameron's judgment and sentence to clarify that the interest accrual provision does not apply to nonrestitution legal financial obligations.

No. 55346-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Worswick, J.

Veljacic, J.